**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, SANOFI, and GENZYME CORPORATION,<br><br>                              Plaintiffs,<br><br>             v.<br><br>IMPAX LABORATORIES, INC.,<br><br>                              Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiffs sanofi-aventis U.S. LLC ("sanofi-aventis U.S."), Aventisub LLC

("Aventisub"), Sanofi, and Genzyme Corporation ("Genzyme") (collectively, "Plaintiffs"), by

their attorneys, for their Complaint against  Impax Laboratories, Inc. ("Impax" or "Defendant"),

allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for infringement of United States Patent Nos. 6,794,410 ("the

'410 patent," a true and accurate copy of which is attached hereto as Exhibit A) and 9,186,346

("the '346 patent," a true and accurate copy of which is attached hereto as Exhibit B) arising

under the Patent Laws of the United States, Title 35, United States Code, Sections 100 *et seq.*

This action relates to Abbreviated New Drug Application ("ANDA") No. 209677, filed by

Impax with the United States Food and Drug Administration ("FDA") for approval to market a

proposed generic version of the Aubagio® (teriflunomide) drug product.

## THE PARTIES

2.      Plaintiff sanofi-aventis U.S., a wholly-owned U.S. subsidiary of Sanofi, is a

limited liability company organized and existing under the laws of the State of Delaware, having

its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

3.      Plaintiff Aventisub LLC is a limited liability company organized and existing

under the laws of the State of Delaware, having its principal place of business at 3711 Kennett

Pike, Suite 200, Greenville, Delaware 19807.

4.      Plaintiff Sanofi is a corporation organized and existing under the laws of France,

having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

5.      Plaintiff Genzyme is a corporation organized and existing under the laws of the

State of Massachusetts, having its principal place of business at 500 Kendall Street, Cambridge,

Massachusetts 02142.

6.      On information and belief, Defendant Impax is a company organized and existing

under the laws of the State of Delaware with its principal place of business at 30831 Huntwood

Avenue, Hayward, CA 94544.  On information and belief, Impax is in the business of, among

other things, marketing and selling generic versions of branded pharmaceutical products for the

United States market, alone and/or through its wholly-owned subsidiaries and agents.

## IMPAX'S ANDA

7.      On information and belief and as stated in the letter dated November 18, 2016,

and received by Plaintiffs on or about November 21, 2016, purporting to be a notice pursuant to

Section 505(j)(2)(B)(ii) of the Federal Food Drug and Cosmetic Act (21 U.S.C. § 355(j)) and 21

C.F.R. § 314.95(c) (the "Notice Letter"), Impax submitted ANDA No. 209677 to the FDA under

Section 505(j) of the Federal Food Drug and Cosmetic Act (21 U.S.C. § 355(j)) seeking approval

to engage in the commercial manufacture, use, sale and/or importation of  teriflunomide tablets, 14 mg ("Teriflunomide ANDA Products"), as a generic version of the Aubagio® (teriflunomide) drug product throughout the United States, including within the State of Delaware, prior to the expiration of the '410 and '346 patents.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      On information and belief, Impax develops, formulates, manufactures, imports, offers for sale, sells, commercializes, markets, and/or distributes generic versions of branded pharmaceutical products in/into the United States, including in the State of Delaware.

10.      On information and belief, Impax prepared and filed ANDA No. 209677, seeking approval from the FDA to sell the Teriflunomide ANDA Products throughout the United States, including within the State of Delaware.

11.      This Court has personal jurisdiction over Impax because, *inter alia*, Impax has committed an act of patent infringement under 35 U.S.C. § 271 (e)(2), and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware.  For example, on information and belief, following approval of ANDA No. 209677, Impax will make, use, import, sell, and/or offer for sale the Teriflunomide ANDA Products in/into the United States, including in this State, prior to the expiration of the '410 and '346 patents.

12.      This Court has personal jurisdiction over Impax because, *inter alia*, Impax, on information and belief: (1) maintains substantial, systematic, and continuous contacts with the State of Delaware; (2) avails itself of the laws of the State of Delaware by being incorporated in

3

Delaware under File No. 2492482; (3) intends to manufacture, market, sell, or distribute the

Teriflunomide ANDA Products to residents of this State, which is confirmed by the filing of

ANDA No. 209677; (4) maintains a broad distributorship network within this State; (5) regularly

transacts and/or solicits business in the State of Delaware; (6) continuously and systematically

places goods into the stream of commerce for distribution in the United States, including in the

State of Delaware; (7) generates substantial revenue and income from sales of its generic

pharmaceutical products throughout the United States, including within the State of Delaware.

13.     Additionally, on information and belief, Impax has previously consented to this

Court's jurisdiction and has availed itself of the protections afforded by the Court filing suit as a

plaintiff in this judicial district.  *See e.g.*, *See e.g.*, *Impax Laboratories Inc. et al v. Lannett*

*Holdings Inc. et al.*, Civil Case No. 14-cv-00999-RGA (D. Del.); *Impax Laboratories, Inc. et al*

*v. Par Pharmaceutical Inc.*, Civil Case No. 16-cv-00856-RGA (D. Del.).

14.     Additionally, on information and belief, Impax has previously consented to this

Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting

counterclaims against plaintiffs in this judicial district.  *See e.g.*, *See e.g.*, *Pfizer Inc. et al v.*

*Impax Laboratories Inc.*, Civil Case No. 13-cv-01158-GMS (D. Del.); *Endo Pharmaceuticals*

*Inc. et al v. Impax Laboratories, Inc.*, Civil Case No. 14-cv-01383-RGA (D. Del.).

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(b).

## THE PATENTS

16.     The '410 patent, titled "Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'-

trifluoromethylphenyl)-amide for Treating Multiple Sclerosis," was duly and legally issued on

September 21, 2004 to inventor Joseph Wettstein.  The '410 patent was assigned to Aventis

Pharmaceuticals Inc.  On July 31, 2013, the United States Patent and Trademark Office granted reexamination certificate C1 6,794,410 for the '410 patent, allowing new claims 2-22.  On June 16, 2014, the '410 patent was assigned to Aventisub LLC.  Since June 16, 2014, Aventisub has been the owner of the '410 patent.  The '410 patent will expire on April 15, 2022.

17.     The '346 patent, titled "Methods for Reducing the Risk of an Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients," was duly and legally issued on November 17, 2015 to inventors Dietmar Weitz, Francoise Menguy-Vacheron, Pierre-Francois Clot, and Sandrine Turpault.  The '346 patent was assigned to Sanofi.  The '346 patent will expire on February 4, 2034.  At all times from the issuance of the '346 patent, Sanofi has been the owner of the '346 patent.

**ACTS GIVING RISE TO THIS ACTION**

18.     Sanofi-Aventis U.S. LLC is the holder of the approved New Drug Application ("NDA") No. 202992 for the Aubagio® (teriflunomide), 7 mg and 14 mg, drug product ("Aubagio® NDA").  Sanofi-Aventis U.S. LLC, Aventisub LLC, Sanofi, and Genzyme all share in the revenue generated from the sale of Aubagio®.

19.     Aubagio® is indicated for the treatment of patients with relapsing forms of multiple sclerosis ("MS") ("Approved Indication") and acts to alleviate and/or slow the appearance of symptoms of an acute episode of MS, and slow the progression of an acute episode of MS.  Usage of Aubagio® and the Approved Indication are described in the Aubagio® Prescribing Information, which also instructs that when Aubagio is coadministered with rosuvastatin, the dose of rosuvastatin should not exceed 10 mg once daily in patients.

20.     The '410 and '346 patents are listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluation" (the Orange Book) as being applicable to Aubagio®.

21.     The '410 patent covers the use of Aubagio® according to its Approved Indication, which includes treatment of patients with relapsing forms of MS, which includes alleviating and/or slowing the appearance of symptoms of and the progression of an acute episode of MS. The '346 patent covers the use of Aubagio® when coadministered with rosuvastatin to manage the risk of drug interactions as described in the Aubagio® Prescribing Information.

22.     Defendant has knowledge of the '410 and '346 patents.

23.     By the Notice Letter, Impax notified Plaintiffs that Impax had submitted ANDA No. 209677 to the FDA seeking approval to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products prior to the expiration of the '410 and '346 patents.

24.     Impax submitted ANDA No. 209677 to obtain FDA approval to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products prior to the expiration of the '410 and '346 patents.

25.     On information and belief, Defendant intends to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products in/into the United States and/or induce or contribute to such acts promptly upon receiving FDA approval to do so and during the term of the '410 and '346 patents.

26.     In the Notice Letter, Impax notified Plaintiffs that ANDA No. 209677 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Impax's opinion, the '410 and '346 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use,

sale, offer for sale, and/or importation of the Teriflunomide ANDA Products in/into the United States ("Paragraph IV Certification").

27.     In addition to the information provided to Plaintiffs in the Notice Letter, counsel for Plaintiffs reviewed the portions of ANDA No. 209677 that were voluntarily provided by Impax under the terms of a confidentiality agreement.

28.     On information and belief, the active ingredient of the Teriflunomide ANDA Products is teriflunomide, which is the same active ingredient in Aubagio® and the same active ingredient used in the methods of one or more claims of the '410 and '346 patents.

29.     On information and belief, Impax asserted in ANDA No. 209677 that the Teriflunomide ANDA Products are bioequivalent to Aubagio®.

30.     On information and belief, ANDA No. 209677 refers to and relies upon the Aubagio® NDA and contains data that, according to Impax, demonstrate the bioequivalence of the Teriflunomide ANDA Products and Aubagio®.

31.     On information and belief, Impax is seeking approval to market the Teriflunomide ANDA Products for the same Approved Indication as Aubagio®.

32.     On information and belief, Impax is seeking approval to market the Teriflunomide ANDA Products for the treatment of patients with relapsing forms of multiple sclerosis, which includes alleviating and/or slowing the appearance of symptoms of an acute episode of MS, and slowing the progression of an acute episode of MS.

33.     On information and belief, Impax is seeking approval to market the Teriflunomide ANDA Products that, when coadministered with rosuvastatin, will be used such that the dose of rosuvastatin will not exceed 10 mg once daily in patients.

34.     On information and belief, Defendant will commercially manufacture, use, offer for sale, and/or sell the Teriflunomide ANDA Products throughout the United States, import the Teriflunomide ANDA Products into the United States, and/or induce and/or contribute to such acts promptly upon receiving FDA approval to do so and during the term of the '410 and '346 patents.

35.     On information and belief, Defendant will knowingly accompany the Teriflunomide ANDA Products with prescribing information that will contain instructions for use that substantially copy the instructions for Aubagio®, including instructions for administering the Teriflunomide ANDA Products as claimed in at least one of the claims, including but not limited to claim 10, of the '410 patent and at least one of the claims, including but not limited to claim 5, of the '346 patent.

36.     On information and belief, Defendant's prescribing information for the Teriflunomide ANDA Products will instruct users to administer the Teriflunomide ANDA Products to treat patients with relapsing forms of multiple sclerosis, which includes alleviating and/or slowing the appearance of symptoms of an acute episode of MS, or slowing the progression of an acute episode of MS.

37.     On information and belief, Defendant's prescribing information for the Teriflunomide ANDA Products will instruct users to administer the Teriflunomide ANDA Products to treat multiple sclerosis while managing the risk of teriflunomide and rosuvastatin drug interaction when coadministered.

38.     On information and belief, Defendant has knowledge and/or an expectation that the Teriflunomide ANDA Products will be used in accordance with its prescribing information.

39.     On information and belief, Defendant knows that the prescribing information that will accompany the Teriflunomide ANDA Products will induce and/or contribute to others using the Teriflunomide ANDA Products in the manner set forth in the prescribing information.

40.     On information and belief, physicians, health care providers, and/or patients will directly infringe one or more claims of the '410 and '346 patents by using the Teriflunomide ANDA Products in accordance with the prescribing information provided by Defendant after the FDA approves ANDA No. 209677.

41.     On information and belief, Defendant specifically intends that physicians, health care providers, and/or patients will use the Teriflunomide ANDA Products in accordance with the prescribing information provided by Defendant to directly infringe one or more claims of the '410 and '346 patents.

42.     On information and belief, Defendant designed the Teriflunomide ANDA Products for use in a way that would infringe the '410 and '346 patents and will instruct users of the Teriflunomide ANDA Products to use the Teriflunomide ANDA Products in a way that would infringe one or more claims of the '410 and '346 patents.

43.     On information and belief, the Teriflunomide ANDA Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44.     On information and belief, Defendant knowingly has taken and intends to take active steps to induce and/or contribute to physicians, health care providers, and/or patients using the Teriflunomide ANDA Products in a manner that directly infringes one or more claims of the '410 and '346 patents including, but not limited to, providing prescribing information with instructions for administering the Teriflunomide ANDA Products as claimed in one or more claims of the '410 and '346 patents.

45.     Plaintiffs commenced this action within 45 days of receiving the Notice Letter.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,794,410

46.     Plaintiffs repeat and reallege the allegations of paragraphs 1-45 as if fully set forth herein.

47.     Impax's submission of ANDA No. 209677 containing the Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, or sale of the Teriflunomide ANDA Products in/into the United States prior to the expiration of the '410 patent constitutes infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent under 35 U.S.C. § 271 (e)(2)(A).

48.     Defendant had notice of the '410 patent at the time of Defendant's infringement. Defendant's infringement has been, and continues to be, deliberate.

49.     Plaintiffs will be substantially and irreparably harmed if Defendant's infringement of the '410 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

50.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## COUNT II
## DECLARATORY JUDGMENT OF INFRINGEMENT
## OF U.S. PATENT NO. 6,794,410

51.     Plaintiffs repeat and reallege the allegations of paragraphs 1-50 as if fully set forth herein.

52.     This claim arises under the Patent Laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties.  Defendant has taken immediate and active steps, through the submission of

ANDA No. 209677, to obtain approval from the FDA to commercially manufacture, import, use, or sell the Teriflunomide ANDA Products prior to the expiration of the '410 patent.

53.     After obtaining FDA approval, Defendant plans to commercially manufacture, use, offer for sale, and/or sell the Teriflunomide ANDA Products in the United States, import the Teriflunomide ANDA Products into the United States, and/or induce or contribute to such acts prior to the expiration of the '410 patent.

54.     Upon FDA approval of ANDA No. 209677, Defendant will infringe one or more of the claims, including but not limited to claim 10, of the '410 patent under §§ 271 (a), (b), or (c) by making, using, selling, offering for sale, or importing the Teriflunomide ANDA Products in/into the United States and/or inducing or contributing to such acts prior to the expiration of '410 patent, unless enjoined by this Court.  Accordingly, an actual and immediate controversy exists between the parties regarding infringement of the '410 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

55.     Upon FDA approval of ANDA No. 209677, use of the Teriflunomide ANDA Products as directed by the instructions to be included with the Teriflunomide ANDA Products will directly infringe at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (a), unless enjoined by this Court.

56.     Defendant has taken and intends to take active steps to induce or contribute to the direct infringement of one or more claims, including but not limited to claim 10, of the '410 patent under 35 U.S.C. § 271 (b) and/or § 271 (c) after ANDA No. 209677 is approved, unless enjoined by this Court.

57.     Defendant has knowledge of the '410 patent and, by the prescribing information that will be included with Teriflunomide ANDA Products, knows or should know that it will aid and abet another's direct infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents.

58.     Defendant's offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States with the prescribing information for the Teriflunomide ANDA Products will actively induce infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (b).

59.     The use of the Teriflunomide ANDA Products constitutes a material part of at least one of the claims, including but not limited to claim 10, of the '410 patent; Defendant knows that the Teriflunomide ANDA Products are especially made or adapted for use in infringing at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents; and Defendant knows that the Teriflunomide ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

60.     Defendant's manufacture, use, offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States will contributorily infringe at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (c).

61.     Defendant will have notice of the '410 patent at the time of Defendant's infringement.  Defendant's infringement of the '410 patent will be deliberate.

62.     Plaintiffs will be substantially and irreparably harmed if Defendant's infringement is not enjoined.  Plaintiffs do not have an adequate remedy at law.

63.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,186,346

64.     Plaintiffs repeat and reallege the allegations of paragraphs 1-63 as if fully set forth herein.

65.     Impax's submission of ANDA No. 209677 containing the Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, or sale of the Teriflunomide ANDA Products in/into the United States prior to the expiration of the '346 patent constitutes infringement of at least one of the claims, including but not limited to claim 5, of the of the '346 patent under 35 U.S.C. § 271 (e)(2)(A).

66.     Defendant had notice of the '346 patent at the time of Defendant's infringement. Defendant's infringement has been, and continues to be, deliberate.

67.     Plaintiffs will be substantially and irreparably harmed if Defendant's infringement of the '346 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

68.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## COUNT IV
## DECLARATORY JUDGMENT OF INFRINGEMENT
## OF U.S. PATENT NO. 9,186,346

69.     Plaintiffs repeat and reallege the allegations of paragraphs 1-68 as if fully set forth herein.

70.     This claim arises under the Patent Laws, 35 U.S.C. § 1 *et seq.*, and the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy

between the parties.  Defendant has taken immediate and active steps, through the submission of

ANDA No. 209677, to obtain approval from the FDA to commercially manufacture, import, use,

or sell the Teriflunomide ANDA Products prior to the expiration of the '346 patent.

71.     After obtaining FDA approval, Defendant plans to commercially manufacture,

use, offer for sale, and/or sell the Teriflunomide ANDA Products in the United States, import the

Teriflunomide ANDA Products into the United States, and/or induce or contribute to such acts

prior to the expiration of the '346 patent.

72.     Upon FDA approval of ANDA No. 209677, Defendant will infringe one or more

of the claims of the '346 patent under §§ 271 (a), (b), or (c) by making, using, selling, offering

for sale, or importing the Teriflunomide ANDA Products in/into the United States and/or

inducing or contributing to such acts prior to the expiration of '346 patent, unless enjoined by

this Court.  Accordingly, an actual and immediate controversy exists between the parties

regarding infringement of the '346 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

73.     Upon FDA approval of ANDA No. 209677, use of the Teriflunomide ANDA

Products as directed by the instructions to be included with the Teriflunomide ANDA Products

will directly infringe at least one of the claims, including but not limited to claim 5, of the '346

patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (a), unless

enjoined by this Court.

74.     Defendant has taken and intends to take active steps to induce or contribute to the

direct infringement of one or more claims, including but not limited to claim 5, of the '346 patent

under 35 U.S.C. § 271 (b) and/or § 271 (c) after ANDA No. 209677 is approved, unless enjoined by this Court.

75.    Defendant has knowledge of the '346 patent and, by the prescribing information that will be included with Teriflunomide ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents.

76.    Defendant's offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States with the prescribing information for the Teriflunomide ANDA Products will actively induce infringement of at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (b).

77.    The use of the Teriflunomide ANDA Products constitutes a material part of at least one of the claims, including but not limited to claim 5, of the '346 patent; Defendant knows that the Teriflunomide ANDA Products are especially made or adapted for use in infringing at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents; and Defendant knows that the Teriflunomide ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

78.    Defendant's manufacture, use, offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States will contributorily infringe at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (c).

79.     Defendant will have notice of the '346 patent at the time of Defendant's infringement.  Defendant's infringement of the '346 patent will be deliberate.

80.     Plaintiffs will be substantially and irreparably harmed if Defendant's infringement is not enjoined.  Plaintiffs do not have an adequate remedy at law.

81.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     A judgment declaring that Defendant has infringed one or more claims of the '410 and '346 patents by the filing of ANDA No. 209677;

(b)     A judgment declaring that Defendant's manufacturing, using, selling, offering for sale, or importing the Teriflunomide ANDA Products in/into the United States will infringe one or more claims of the '410 and '346 patents;

(c)     A judgment under 35 U.S.C. § 271 (e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 209677 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) be a date no earlier February 4, 2034, the expiration date of the '346 patent, which is the latest expiring of the infringed patents, or the expiration of any other exclusivity to which Plaintiffs are or become entitled;

(d)     Injunctive relief under 35 U.S.C. § 271 (e)(4)(B) preliminarily and permanently enjoining Defendant from making, using, selling, offering for sale, or importing the Teriflunomide ANDA Products in/into the United States until after expiration of the '410 and '346 patents or the expiration of any other exclusivity to which Plaintiffs are or become entitled;

(e)     A permanent injunction pursuant to 35 U.S.C. § 271 (e)(4)(B) restraining

and enjoining Defendant from practicing any methods as claimed in the '410 and '346 patents, or

from actively inducing or contributing to the infringement of any claim of the '410 and '346

patents, until after the expiration of the '410 and '346 patents or the expiration of any other

exclusivity to which Plaintiffs are or become entitled;

(f)     A Declaration that the commercial manufacture, use, sale, offer for sale,

and importation in/into the United States of the Teriflunomide ANDA Products will directly

infringe, induce, and/or contribute to infringement of the '410 and '346 patents;

(g)     Damages under 35 U.S.C. § 271 (e)(4)(C), which this Court should treble

pursuant to 35 U.S.C. § 284, if Defendant infringes the '410 and '346 patents by engaging in the

commercial manufacture, importation, use, sale, offer for sale, or import of the Teriflunomide

ANDA Products in/into the United States prior to the expiration of the '410 and '346 patents or

the expiration of any other exclusivity to which Plaintiffs are or become entitled;

(h)     An award of reasonable attorney fees in this action pursuant to 35 U.S.C. §

285;

(i)     Costs and expenses in this action; and

(j)     Such further and other relief as this Court may deem just and proper.


DATED: January 3, 2017                              RATNERPRESTIA


                                        /s/ Jeffrey B. Bove
                                        Jeffrey B. Bove (# 998)
                                        Karen R. Poppel (# 5373)
                                        Nemours Building
                                        1007 North Orange Street, Suite 205
                                        Wilmington, DE 19801

(302) 888-6241
jbove@ratnerprestia.com
kpoppel@ratnerprestia.com

*Attorneys for Plaintiffs*
*sanofi-aventis U.S. LLC, Aventisub LLC,*
*Sanofi, and Genzyme Corporation*

*Of Counsel:*
Paul H. Berghoff
Alison J. Baldwin
Paula S. Fritsch
MCDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
(312) 913-0001
300 South Wacker Drive
Chicago, Illinois 60614
berghoff@mbhb.com
baldwin@mbhb.com
fritsch@mbhb.com

3450531_1